**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

**SARDORBEK SHAMIROV,**

**Petitioner,**

**v.**

**JAILER OF CAMPBELL COUNTY DETENTION CENTER, *et al.*,**

**Respondents.**

**CASE NO. 2:26-CV-00274-KKC**

**OPINION AND ORDER**

*** *** ***

This matter is before the Court on Petitioner Sardorbek Shamirov's Petition for Writ of Habeas Corpus (R. 1) under 28 U.S.C. § 2241.

Petitioner has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since June 16, 2026, and was detained at the Campbell County Detention Center, 601 Central Avenue, Newport, Kentucky 41071. On August 31, 2026, an Immigration Judge (IJ) ordered Petitioner removed, and Petitioner waived his right to appeal. Thus, the removal order is now final.

The core dispute before this court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act applies to Shamirov. This distinction is important because § 1225(b)(2) mandates detention, while § 1226(a) creates a right to a bond hearing before an immigration judge. The Petitioner asks the Court to order the respondents to either release him or provide a bond hearing.

Petitioner, however, can no longer receive the bond hearing he sought in his petition. Petitioner can no longer be detained under 8 U.S.C. § 1225 or § 1226. He has a final order of removal, and he has waived his right to appeal (R. 7). When the IJ's order of removal became

final, the statutory authority for Petitioner's detention shifted to 8 U.S.C. § 1231. Pursuant to § 1231(a)(1)(A), the Department of Homeland Security has 90 days to execute removal. Even if Petitioner has not been removed at the end of 90 days, *Zadvyas v. Davis* holds that his detention would be presumptively reasonable for up to six months. 533 U.S. 678, 701 (2001). As of the date of this Order, Petitioner has been detained pursuant to his final removal for 10 days.

Petitioner's challenge to his pre-removal detention is now moot. The Court cannot grant Petitioner the relief he seeks. Accordingly, it is ORDERED that the Petition for Writ of Habeas Corpus (R. 1) is DENIED as moot.

September 11, 2026.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY